Cheshire,
No. 4812.

ROBERTSON MOTOR COMPANY *v.* CHARLES D. BLANCHARD.

Argued February 2, 1960.

Decided February 29, 1960.

*Goodnow, Arwe & Ayer* (*Mr. Arwe* orally), for the plaintiff.

*Joseph T. Cristiano* and *Eric J. Kromphold, Jr.* (*Mr. Kromphold* orally), for the defendant.

WHEELER, J. It is not disputed that the plaintiff had legal title to the pony. *Franklin Nat. Bank* v. *Austin*, 99 N. H. 59, 61. The defendant contends, however, that his rights are governed by the. provisions of RSA 346:25, which provides: "Where a person having sold goods continues in possession of the goods . . . the delivery or transfer by that person . . . to any person receiving and paying value for the same in good faith and without notice of the previous sale, shall have the same effect as if the person making the delivery or transfer were expressly authorized by the owner of the goods to make the same."

The plaintiff relies, however, on the provisions of RSA 346:23 I which provide: "Subject to the provision of this chapter, where goods are sold by a person who is not the owner thereof, and who does not sell them under the authority or with the consent of the owner, the buyer acquires no better title to the goods than the seller had, unless the owner of the goods is by his conduct precluded from denying the seller's authority to sell." *Reed* v. *Linscott*, 87 N. H. 139.

Generally speaking, a seller without the consent of the owner of a chattel cannot transfer a better title than he has unless some principle of estoppel comes into operation. 46 Am. Jur. 620. But where parties agree that personal property shall remain in the possession of the vendor without anything to give notoriety to the transaction, the sale is invalid as against subsequent purchasers. *Crawford* v. *Forristall*, 58 N. H. 114. See also, *Fellows* v. *Railroad*, 78 N. H. 594.

The defendant had bought and sold horses with Buffum for many years and had knowledge of the presence of the pony on Buffum's premises for some fifteen years. His conduct must be measured by that of the ordinary man of average prudence under similar circumstances. It is true he may not take matters for granted unless a reasonable man would do so, and he is called upon to

make such inquiry as the situation, considering all facts, requires. We are of the view that his conduct was reasonable and that section 25 of chapter 346 controls the transaction.

In the absence of evidence of actual notice to the defendant of his title, the plaintiff relies upon evidence that his mortgage of the pony, through the foreclosure of which he obtained title, was a matter of record and undischarged because not satisfied. The record was constructive notice making the mortgage valid as against subsequent purchasers (RSA 360:19) if still in effect as to the goods purchased. But it was constructive notice of the mortgage only, and the plaintiff's right in this action does not rest upon the mortgage, but upon his title derived from its foreclosure.

The record was not constructive notice of sale to the plaintiff, any more than a recorded bill of sale would have been (Cf. RSA 340:3). Actual notice of the mortgage, either by the record or otherwise, would have presented an occasion for inquiry by the defendant and might have been sufficient to prevent bona fide purchase. But it is not pretended that evidence of actual knowledge was produced, and in its absence proof of the record without more could not operate to defeat the defendant's purchase. *Piper* v. *Hilliard,* 58 N. H. 198; *Hastings* v. *Cutler,* 24 N. H. 481.

After the verdict, counsel for plaintiff moved for a new trial on the grounds of newly discovered evidence. The evidence offered was in the form of an affidavit of Evelyn N. Buffum, widow of the seller of the pony. In substance she deposed that two or three months before the sale of the pony, defendant came to her home and discussed the sale with her late husband in her presence. She told her husband that he could not sell the pony, and in response to a question from the defendant her husband "said something about Mr. Robertson holding a mortgage on everything . . . . "

After hearing, the Court denied the motion and made the following findings: "The Court finds that the purported evidence offered in support of this motion could have been easily uncovered and discovered and that the plaintiff was at fault in not presenting the evidence at the trial. The effect of the offered evidence is to impeach the testimony of the defendant but of itself does not establish misconduct or perjury on the part of the defendant. Motion denied."

The affidavit of Mrs. Buffum was executed two days after plaintiff's counsel received notice of the verdict. She had lived

continuously at the same premises prior to and during the trial and could have been produced as a witness. Counsel for the plaintiff failed to interview her ". . . because we didn't see how she could possibly have been a party or witness to any conversation between the Seller . . . and the Defendant."

The findings of the Court in denying the motion for a new trial are supported by the evidence, and we cannot say as a matter of law they could not have reasonably been made. *McGinley* v. *Railroad*, 79 N. H. 320, 322; *State* v. *Long*, 90 N. H. 103, 107.

*Exceptions overruled.*

All concurred.